UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

    v.     CAUSE NO. 3:20-CV-958-DRL-MGG

MARCUS THOMPSON and TAYLOR,

    Defendants.

OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, filed an amended complaint alleging he was subjected to excessive force on May 7, 2020, at the Indiana State Prison. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Chandler alleges he was handcuffed in a holding cell when Sgt. Marcus Thompson entered the cell, threw him against the steel wall, grabbed his head, and slammed it into the wall. Sgt. Thompson is alleged to have then dragged Mr. Chandler to the stairs by the handcuffs. Then Sgt. Thompson and Sgt. Taylor are alleged to have picked up Mr. Chandler and slammed him on the stairs where they held him down while his legs were shackled. Sgt. Taylor is alleged to have put his fist in Mr. Chandler's throat

preventing him from breathing before turning him over so Sgt. Thompson could put his knee in Mr. Chandler's back until he passed out – unable to breathe.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, there may have been a legitimate reason for using force against Mr. Chandler; but, as described, the complaint states a claim for an excessive use of force in violation of the Eighth Amendment by Sgt. Thompson and Sgt. Taylor.

The complaint also names Warden Ron Neal as a defendant. However, it does not explain why he is being sued. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Warden Neal will be dismissed.

For these reasons, the court:

(1) GRANTS Kevin Chandler leave to proceed against Sgt. Marcus Thompson and Sgt. Taylor in their individual capacities for compensatory and punitive damages for using excessive force as described in this order in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Marcus Thompson and Taylor at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Marcus Thompson and Taylor to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 3, 2021

*s/ Damon R. Leichty*
Judge, United States District Court