UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN CHANDLER,

    Plaintiff,

v.                                CAUSE NO. 3:20-CV-958-DRL

MARCUS THOMPSON *et al.*,

    Defendants.

OPINION AND ORDER

Kevin Chandler, a prisoner without a lawyer, is proceeding in this case against Sgt. Marcus Thompson and Sgt. Walter Taylor for compensatory and punitive damages for using excessive force in violation of the Eighth Amendment. ECF 7 at 3. Specifically, Mr. Chandler alleged in his complaint that Sgt. Thompson and Sgt. Taylor used excessive force against him while he was handcuffed and not resisting by shoving him into a wall, throwing him to the ground, and cutting off his breathing until he passed out. ECF 6 at 2-4. The defendants filed a motion for summary judgment, arguing they did not use excessive force against Mr. Chandler. ECF 40. Mr. Chandler filed a response, and the defendants filed a reply. ECF 52, 54. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Sgt. Thompson has one view. On May 7, 2020, Sgt. Thompson was involved in transporting Mr. Chandler from a holding cell back to his cell. ECF 40-1 at 1. At the holding cell, Sgt. Thompson observed Mr. Chandler refuse an order from Officer Justin Pribble to turn around so a lead could be attached to his handcuffs. *Id.* at 1-2. Sgt. Thompson took the lead from Officer Pribble and ordered Mr. Chandler to turn around so the lead could be attached to the handcuffs, but Mr. Chandler again refused to turn around. *Id.* at 2. Because Mr. Chandler was refusing orders, Sgt. Thompson requested assistance from Sgt. Taylor. *Id.*

Sgt. Taylor unlocked the holding cell door and Mr. Chandler walked out with Sgt. Thompson, Sgt. Taylor, and Officer Pribble escorting him. *Id.* At the bottom of the stairs, Mr. Chandler became passively resistant by stopping and then headbutted Sgt. Thompson in the face. *Id.* Mr. Chandler was placed on the ground to gain control over the situation, and then picked back up so the transport could continue. *Id.* Mr. Chandler again became resistant and was again placed on the ground so leg shackles could be applied. *Id.* Once Mr. Chandler was placed in leg shackles, he was escorted without further incident. *Id.*

Mr. Chandler attests to a substantially different version of facts. ECF 52-1. Specifically, Mr. Chandler attests he was handcuffed in a holding cell when Sgt. Thompson entered the cell, threw him against the wall, and slammed his head into the wall. *Id.* at 1. Mr. Chandler attests he was not resisting orders or posing any threat at the time of Sgt. Thompson's use of force. *Id.* Sgt. Thompson then dragged Mr. Chandler to the stairs where he and Sgt. Taylor picked him up and slammed him on the stairs. *Id.* at

3

1-2. Once Mr. Chandler was on the ground, Sgt. Taylor put his fist into his throat to prevent him from breathing, and Sgt. Thompson put all of his weight into his back with his knee until he blacked out. *Id.* at 2. There are thus disputed facts regarding what amount of force the defendants used against Mr. Chandler and whether Mr. Chandler was resisting at the time of the use of force.

The defendants argue summary judgment is warranted in their favor for three reasons. However, the defendants base all three of these arguments only on their version of the facts, which Mr. Chandler disputes. First, the defendants argue they used only *de minimis* force against Mr. Chandler. ECF 42 at 6-8. But a reasonable jury could credit Mr. Chandler's testimony that the defendants threw him against a wall, slammed his head into the wall, and prevented him from breathing until he blacked out, which is more than a *de minimis* use of force.

Second, the defendants argue they used force in a good faith effort to maintain and restore discipline, not maliciously and sadistically to cause harm. *Id.* at 8-12. But a reasonable jury could credit Mr. Chandler's testimony that the defendants used force against him while he was handcuffed and not resisting and conclude they used force sadistically to cause harm.

Third, the defendants argue they are entitled to qualified immunity because their conduct was not clearly unconstitutional, as they used force in good faith to restore order. *Id.* at 12-14. But as discussed, a reasonable jury could credit Mr. Chandler's version of events and conclude the defendants clearly violated his Eighth Amendment rights by slamming him into a wall and preventing his breathing until he blacked out. Accordingly,

4

because there are disputed material facts regarding whether the defendants violated Mr. Chandler's Eighth Amendment rights, the defendants are not entitled to summary judgment.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 40).

SO ORDERED.

April 19, 2023                          *s/ Damon R. Leichty*
                                                  Judge, United States District Court